## Case No. 12,985.

### In re SMITH et al.

[5 N. B. R. (1871) 20.] [1]

### District Court, N. D. New York.

BANKRUPTCY — DISCHARGE — OPPOSITION—SPECIFICATIONS—PLEADING.

1. A creditor who does not appear upon the return day of the order to show cause why discharge should not be granted, has no standing in court and cannot subsequently file specifications against bankrupt's discharge.

2. It is not necessary to state in specifications that the persons named to whom fraudulent payments are stated to have been made, were creditors of the bankrupt.

3. False swearing, if alleged, must be charged to have been wilful.

4. The strictness of common law pleading is not required in creditors' specifications. but the bankrupt is entitled to such particularity of statement as will give him reasonable notice of what is expected to be proven against him.

[In the matter of Smith & Bickford, bankrupts.]

Geo. Gorham, for the motion.
J. M. Smith, opposed.

HALL, District Judge. The bankrupts in this case have made an application for an order striking out the specifications filed by George D. Russell & Co. and William P. McLavem & Co., and for their final discharge. No appearance for or by George D. Russell & Co. was entered on the day on which the order to show cause was returnable, and on which it was referred to the register to ascertain and report whether the bankrupts had in all things conformed to the provisions of the

[1] [Reprinted by permission.]

bankruptcy act, and were entitled to their discharge, and their specifications must therefore be stricken out. The appearance of McLavem & Co. was duly entered and in proper time, and their specifications were filed within the ten days allowed for that purpose by the general orders in bankruptcy; but it was insisted that these specifications were insufficient, and should, for that reason, be stricken out. These specifications, from the first to the tenth, both inclusive, are based upon the express provisions of the twentyninth section of the bankrupt act, that no discharge shall be granted if the bankrupt has, within the time limited in the act, "given any fraudulent preference" contrary to its provisions, "or made any fraudulent payment, gift, transfer, conveyance or assignment of any part of his property," or "has been guilty of any frauds" whatever, contrary to the true intent of the act.

The first of these specifications alleges that the bankrupts, being insolvent, made fraudulent payments to the firm of Smith, Wemple & Co., at Albany, of the sum of one hundred thousand dollars and over, on divers days from the twenty-first day of September, 1869, to and including the fourteenth day of the succeeding month. Those from the second to the tenth, both inclusive, allege in substance that the bankrupts, being insolvent, and with the intent and design on their part to give a preference to the parties or persons particularly named in such specifications respectively, and in fraud of the provisions of the bankrupt act, did, at or about certain times or in certain months named in such specifications, (and being within four months of the time of filing the original petition), pay certain sums of money—some specifically and some generally stated—to certain persons and firms therein named, giving their places of residences or stating that they are unknown to the opposing creditors.

It was insisted that these specifications were bad because they did not allege that these payments were made in contemplation of becoming bankrupt, nor expressly allege that the persons to whom they were made were creditors of the bankrupt. The provisions of the bankrupt act, before referred to, on which these specifications are based, do not, in express terms, require that the fraudulent preference given, or fraudulent payments or transfers made, shall be given or made to a creditor of the bankrupt, or even to one to whom he was or might become liable. though it is probable that cases of that character are those intended to be embraced and provided for. Fraudulent preferences given, and fraudulent payments and transfers made, both "in fraud of the provisions of the bankrupt act," are expressly and distinctly alleged, and the obvious and ordinary construction of these allegations, under the legal rules of construction which require a similar interpretation of the language of the provisions of the bankrupt act

on which these specifications are based, is, that these preferences were given, and fraudulent payments and transfers made, to the persons named as creditors, real or supposed, of the bankrupts, or as persons to whom they were or might become liable. The language of the specifications in this respect is in substance like that of the provisions referred to. The motion to strike out these specifications is therefore denied.

The eleventh and twelfth specifications may be literally true, and yet the errors or omissions alleged, may have been the result of accident, honest mistake or want of knowledge or information, and there is no allegation of wilful false swearing, wilful or intended concealment, or other fraud or unlawful intent. These specifications are therefore considered insufficient.

The thirteenth specification is too general, indefinite and uncertain, especially as no want of specific knowledge or information is averred, or any other excuse given for these apparent defects. The strictness of common law pleading is not required in these cases, but the bankrupt is entitled to such particularity of statement as to give him reasonable notice of what is expected to be proved against him; and in this respect the thirteenth specification is deemed objectionable. The same objection might also be urged against the eleventh and twelfth specifications, and perhaps the first ten of the specifications might also have been made more specific and certain. They are, however, considered sufficient to give to the bankrupts the information to which they are entitled, of the character and extent of the proof intended to be made under these specifications, especially as such proof must relate to the acts of the bankrupt and to matters which must be supposed to be peculiarly within their knowledge.

The eleventh, twelfth and thirteenth specifications must be stricken out, unless the opposing creditors elect to pay fifteen dollars costs, and amend the same within fifteen days.